FILED
2010 APR 14 AM 10:11

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIARWOOD CAPITAL, LLC; et al., <br><br> Plaintiffs, <br><br> vs. <br><br><br><br><br><br> KBR GROUP, LLC; et al., <br><br> Defendants. <br><br> -and- <br><br> KRMW REAL ESTATE INVESTMENT GROUP, LLC, <br><br> Nominal Defendant. | CASE NO. 09-CV-02680 BEN (AJB) <br><br> ORDER: <br><br> (1) GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT <br><br> (2) GRANTING MOTION TO REMAND <br><br> (3) DENYING MOTION TO COMPEL ARBITRATION AND STAY ACTION AS MOOT <br><br> (4) DENYING MOTION TO DISQUALIFY COUNSEL AS MOOT <br><br> (5) DENYING MOTION FOR SANCTIONS AS MOOT <br><br> (6) DENYING ANTI-SLAPP MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AS MOOT <br><br> [Docket Nos. 7, 8, 11, 13, 17, 19] |

Currently before this Court are the following motions:

1. Motion to Compel Arbitration and Stay Action, filed by the KBR Defendants[1] on December 7, 2009 as Docket No. 7.

2. Motion to Disqualify Counsel filed by the KBR Defendants on December 7, 2009 as Docket No. 8.

3. Motion for Sanctions filed by the KBR Defendants on January 11, 2010 as Docket No. 11.

4. Special Motion to Strike Pursuant to California Code of Civil Procedure Section 425.16 (Anti-SLAPP Statute) and for Judgment on the Pleadings filed by the Lennar Defendants[2] on January 19, 2010 as Docket No. 13.

5. Motion for Leave to File First Amended Complaint filed by Plaintiffs on February 8, 2010 as Docket No. 17.

6. Motion to Remand to State Court filed by Plaintiffs on February 8, 2010 as Docket No. 19.

These motions have been fully briefed. Pursuant to Civil Local Rule 7.1.d, the Court finds these motions suitable for disposition on the papers, without oral argument.

For the reasons set forth below, the Court **GRANTS** Plaintiffs' motions and **DENIES** Defendants' motions as moot without prejudice to the refiling of Defendants' motions in State Court.

## BACKGROUND

This action arises from discussions in related litigation between Plaintiffs and certain Lennar Defendants concerning the development of a residential community commonly known as "The Bridges" and the development of nearby areas in Rancho Santa Fe, California. That litigation is comprised of various state court actions pending in San Diego Superior Court; one of the actions is currently on appeal with the California Court of Appeals. (Docket No. 4.)

---

[1] "KBR Defendants" includes Defendants KBR Group, LLC, KBR Opportunity Fund I, L.P., KBR Opportunity Fund II, L.P., Shawn R. Wamstad, Michel Kicinski and Randy Rivera, as well as Nominal Defendant KRMW Real Estate Investment Group, LLC.

[2] "Lennar Defendants" includes Defendants Lennar Corporation, Lennar Land Partners II, Lennar Homes of California, Inc., LLP II HCC Holdings, LLC, Stuart A. Miller, Richard Beckwitt, Jonathan M. Jaffe and HCC Investors, LLC.

To finance the cost of the state court litigation, Plaintiffs obtained funding assistance from certain KBR Defendants. (Compl., ¶¶ 46-51.) Plaintiffs allege that, upon learning of the funding assistance, the Lennar Defendants then contacted the KBR Defendants and formed a conspiracy with the KBR Defendants to "eliminate plaintiffs' rights." (Compl., ¶ 59.) Plaintiffs allege the KBR Defendants shared with the Lennar Defendants confidential and otherwise protected information concerning Plaintiffs' litigation strategies and finances. (Compl., ¶ 61.)

On October 26, 2009, Plaintiffs initiated this action in San Diego Superior Court, alleging one federal claim and twenty state claims. (Docket No. 1.) The Seventeenth Cause of Action is Plaintiff's sole federal claim and is based on the Racketeering Influenced and Corrupt Organization Act (RICO), 18 U.S.C. § 1962(c).

On November 30, 2009, Defendants removed the action to this Court based on the federal RICO claim. (Docket Nos. 1, 3.)

On February 8, 2010, Plaintiffs filed a motion for leave to file a first amended complaint and filed a companion motion to remand the action to State Court. (Docket Nos. 17, 19.) Prior to that, Defendants had filed a motion to compel arbitration, motion to disqualify counsel, motion for sanctions, an Anti-SLAPP motion, and a motion for judgment on the pleadings. (Docket Nos. 7, 8, 11, 13.) The parties having fully briefed these motions, the Court took the motions under submission without oral argument, pursuant to Local Civil Rule 7.1.d.

## DISCUSSION

### I.   MOTION TO AMEND

Because an amended complaint may change the issues properly before a court, this Court first considers the merits of Plaintiffs' Motion for Leave to File First Amended Complaint (Docket No. 17).

#### A.   *Leave to Amend*

Rule 15 of the Federal Rules of Civil Procedure ("FRCP") sets forth a liberal policy in favor of allowing amendment of pleadings. Under FRCP 15, a court may deny a motion to amend only if the plaintiff engaged in dilatory conduct or the proposed amendments would unduly prejudice the defendants. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003). Factors relevant to this determination include whether there exists: (1) undue prejudice to the opposing party;

(2) undue delay; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) bad faith; and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007). Of these factors, "the crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

Plaintiffs seek to amend their complaint to remove the federal RICO claim and to modify allegations set forth in paragraph 60 concerning the relationship between certain parties. (Mot. [Docket No. 17], pgs. 5-6.) Defendants do not oppose the Motion but rather request that the Court first rule on certain other pending motions and/or award expenses incurred in defending against the federal RICO claim. (KBR Opp. [Docket No. 31], pg. 1; Lennar Opp. [Docket No. 33], pg. 1.) However, as noted above, before deciding the other pending motions, the Court must first determine whether amendment is permissible, as an amended complaint may change the issues properly before this Court. Defendants' request to recover expenses is addressed below. Notwithstanding Defendants' non-opposition, the Court finds that good cause exists to grant Plaintiffs' motion.

The Court notes Plaintiffs filed their motion less than four months after filing their initial complaint and before a scheduling order has been entered or a trial date has been set in the case. Neither the discovery cutoff nor a pretrial conference has been scheduled in this case. Therefore, the parties clearly have time to conduct any discovery necessary on the amended allegations and amendment will not unduly prejudice their preparation for trial. Given the early stage of the case, the Court also finds Plaintiffs did not unduly delay seeking leave to amend. Plaintiffs' Motion is also the first request by Plaintiffs to amend their complaint; this is not an instance where Plaintiffs have repeatedly failed to cure deficiencies through prior amendments. Additionally, the record does not show, and Defendants have not presented evidence showing, that amendment would be futile.

Plaintiffs clearly seek to amend their complaint in order defeat removal and to remand this case to State Court. (Mot. [Docket No. 17], pgs. 2, 3.) However, such strategy is not grounds for finding bad faith and has not been held impermissible by the United States Supreme Court or the Ninth Circuit. *See, e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205-06 (9th Cir. 1991); *Nat'l Audubon Soc'y v. Dep't of Water*, 869 F.2d 1196, 1205 (9th Cir. 1988). Rather, the alleged use of manipulative tactics may be taken into account, if at

all, in determining whether remand is appropriate. *Id.* Remand is addressed below.

In light of the above, the Court **GRANTS** Plaintiffs' Motion for Leave to File First Amended Complaint (Docket No.17). The First Amended Complaint as attached as Exhibit 1 to the Declaration of Frederic L. Gordon in Support of Plaintiffs' Motion for Leave to File First Amended Complaint (Docket No. 17) is **DEEMED FILED** as of the date of this Order.

B. *Expenses*

The Lennar Defendants seek to recover expenses incurred in connection with Plaintiffs' leave to amend. (Lennar Opp. [Docket No. 33], pg. 1.) Expenses are only warranted, if at all, to compensate an opposing party for prejudice arising from the filing of an amended complaint. *Gen. Signal Corp. v. MCI Telecomm. Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995). In this case, Plaintiffs requested, and the Court granted, leave to dismiss one cause of action and modify the allegations set forth in one paragraph of the initial complaint. This case is in its early stages where neither the discovery cutoff nor a pretrial conference has been set. Therefore, Defendants are not prejudiced by Plaintiffs' proposed First Amended Complaint and no grounds exist for imposing costs against Plaintiffs. Awarding expenses in this instance would constitute a sanction and contradict the clear policy of Rule 15 which is to freely grant leave to amend where justice so requires. Fed. R. Civ. P. 15(a)(2). Thus, the Lennar Defendants' request is denied.

II. **MOTION TO REMAND**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). Upon a defendant's removal to federal court, the court shall "have supplemental jurisdiction over all other claims that... form part of the same case or controversy." 28 U.S.C. § 1367(a). However, if the court chooses, it may in its discretion "remand all matters in which State law predominates." 28 U.S.C. § 1441(c).

A district court has the discretion to remand a properly removed case to state court where, as here, no federal claim remains, "upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon*, 484 U.S. at 357; *Harrell*, 934 F.2d at 205. In deciding whether to remand, courts should "consider and weigh the values of judicial economy, convenience,

fairness, and comity." *Carnegie-Mellon*, 484 U.S. at 350. A plaintiff's attempt to manipulate the forum may also be considered in determining remand. *Id.* at 357. On the other hand, a district court has "a powerful reason to choose not to continue to exercise jurisdiction" where all federal claims have been eliminated at an early stage of the litigation. *Id.* at 350-51.

The First Amended Complaint sets forth twenty state law claims, including claims for conspiracy, fraud and breach of contract, but lacks a single federal claim. Despite the competency of federal courts, a state court is clearly in the better position to assess the merits of state law claims and a state court holds a stronger interest in the outcome of such claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (needless decisions of state law should be avoided as a matter of comity). Additionally, the state court has already expended tremendous time and effort adjudicating other issues between the parties in related state court actions,[3] whereas this case is still in its early stages. Any alleged use of manipulative tactics is outweighed by these considerations. This is also not a case where Plaintiffs initiated their action in this court and later decided to, instead, avail themselves of state court jurisdiction by abandoning their only federal claim. Plaintiffs have always sought, and continue to seek, state court jurisdiction. As the Ninth Circuit has stated, "[t]here was nothing manipulative about [Plaintiffs'] straight-forward tactical decision." *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995).

Based on the interests of judicial economy, convenience, fairness, and comity, the Court finds remand is appropriate. Plaintiff's Motion to Remand to State Court is **GRANTED**.

### III. MOTION TO COMPEL ARBITRATION, MOTION TO DISQUALIFY COUNSEL, MOTION FOR SANCTIONS, ANTI-SLAPP MOTION, MOTION FOR JUDGEMENT ON THE PLEADINGS

In light of the above decision to remand the case to state court, this Court refrains from deciding the merits of Defendants' Motion to Compel Arbitration (Docket No. 7), Motion to Disqualify (Docket No. 8), Motion for Sanctions (Docket No. 11), Anti-SLAPP Motion (Docket No. 13) and Motion for Judgment on the Pleadings (Docket No. 13), as judicial comity and courtesy require the state court to decide the issues pending before it. *See, e.g., Abrams Shell v. Shell Oil Co.*, 165 F.Supp.2d 1096, 1110 (C.D. Cal. 2001).

---

[3] Lennar Opp. [Docket No. 32], pg. 2; see also Notice of Related Cases (Docket No. 4).

Defendants' motions are, therefore, **DENIED WITHOUT PREJUDICE** to their re-filing in State Court.

## CONCLUSION

As set forth above, the Court **GRANTS** Plaintiffs' Motion for Leave to File First Amended Complaint (Docket No. 17). The First Amended Complaint as attached as Exhibit 1 to the Declaration of Frederic L. Gordon in Support of Plaintiffs' Motion for Leave to File First Amended Complaint (Docket No. 17) is **DEEMED FILED** as of the date of this Order.

Based on Plaintiffs' First Amended Complaint, the Court **GRANTS** Plaintiffs' Motion to Remand to State Court (Docket No. 19). This action shall be remanded to the California Superior Court for the County of San Diego.

The Court **DENIES WITHOUT PREJUDICE** Defendants' Motion to Compel Arbitration (Docket No. 7), Motion to Disqualify (Docket No. 8), Motion for Sanctions (Docket No. 11), Anti-SLAPP Motion (Docket No. 13) and Motion for Judgment on the Pleadings (Docket No. 13).

**IT IS SO ORDERED.**

Date: April 14, 2010

Hon. Roger T. Benitez
United States District Court Judge